RENDERED: JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0500-ME

R.W.								APPELLANT


							APPEAL FROM PIKE FAMILY COURT
v.						HONORABLE W. KENT VARNEY, JUDGE
							ACTION NO. 23-J-00112-001


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; B.W., A MINOR
CHILD; AND J.W.							APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, L. JONES, AND TAYLOR, JUDGES.

JONES, L., JUDGE: Appellant, R.W. (Father), appeals the February 25, 2025, order of the Pike Family Court which awarded permanent custody of his minor child, B.W. (Child), to Child's maternal grandmother (Grandmother).

Father's counsel commenced this appeal on his behalf, filing a brief in compliance with *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361

(Ky. App. 2012) and *Anders v. California*, 386 U.S. 738 (1967).[1]  The *Anders* brief concedes that there are no meritorious or nonfrivolous issues that could be raised on appeal.  Father has not filed a supplemental *pro se* brief, though he was afforded the option to do so by this Court's July 10, 2025 Order.  *See A.C.*, 362 S.W.3d at 371 ("Upon receiving counsel's motion to withdraw and accompanying *Anders* brief, this Court shall enter an order granting the indigent parent thirty days to file a *pro se* brief and deferring counsel's motion to withdraw to the merits panel.").

After a careful review of the record on appeal and the relevant law, we affirm the family court's judgment.  Additionally, we have granted the motion of Father's counsel to withdraw by separate Order, as all requirements of *A.C.* and *Anders*, *supra*, have been met.

## BACKGROUND

In the Summer of 2023, the Cabinet for Health and Family Services (the Cabinet) filed a DNA petition against Father and Appellee, J.W. (Mother),[2] based on substance abuse concerns by Mother and environmental concerns in the

---

[1] The Court notes that the process outlined by *A.C.* and *Anders* is not necessary for matters arising from juvenile dependency, neglect, and abuse (JDNA) actions such as the underlying case, and are typically reserved for termination of parental rights (TPR) cases.  However, considering the inexorable link between DNA and TPR cases, counsel's election to utilize the process, and the absence of any objections, we see no reason to forgo the application here.  *See also N.S. v. Cabinet for Health and Fam. Servs.*, Nos. 2016-CA-001091-ME, 2016-CA-001092-ME, 2017 WL 3834858 at *3-4 (Ky. App. Sep. 1, 2017) (discussing application of *Anders* and *A.C.* to JDNA cases).

[2] Mother has not filed a brief or otherwise been involved in this appeal.

home. Father was also incarcerated at the time for drug-related charges but was released shortly afterward. The family court placed Child in the temporary custody of Grandmother, with parents to exercise supervised visits with Child.

At adjudication, Mother stipulated to neglect, Father stipulated to dependency, and the Cabinet provided the parents with case plans. Of note, Father's plan included the completion of drug and alcohol assessments, abstaining from drug and alcohol use, and submitting to random drug and alcohol screens. Father completed a drug and alcohol assessment and had unsupervised visitation with Child after initially providing a negative drug screen. However, the family court reinstituted a supervision requirement for Father in early 2024 after a conflict arose between Father and a maternal uncle, and Father began to provide some positive drug screens and inconsistent statements about his prescribed controlled medications. Visits with Father were to occur weekly, to be supervised by the Cabinet. Despite the supervision requirement, Father contacted and continued to attempt contact with Child multiple times. Father also missed several of the scheduled visits at the Cabinet due to transportation issues.

Over the following months Father continued to provide inconsistent drug screens and cancelled visitations. In September 2024, the family court entered an order awarding permanent custody to Grandmother, finding that Father

had failed to consistently attend visits with Child, to comply with the Cabinet, and to provide consistently negative drug screens.

Father, through counsel, filed a motion to alter, amend, or vacate the permanent custody order and for more specific findings. On February 25, 2025, the family court entered an amended permanent custody order, which clarified that Father's visitation would be supervised at Grandmother's discretion, and contained the same findings as the previous order with the addition that Father continually violated the supervision requirement in place with Child. This appeal followed.

## ANALYSIS

This Court "independently review[s] the record and ascertain[s] whether the appeal is, in fact, void of nonfrivolous grounds for reversal" when an *Anders* brief is submitted. *A.C.*, 362 S.W.3d at 372 (citing *Anders*, 386 U.S. at 744). This review is tantamount to palpable error review. *Id.* at 370. "Fundamentally, a palpable error determination turns on whether the [C]ourt believes there is a substantial possibility that the result would have been different without the error." *Hibdon v. Hibdon*, 247 S.W.3d 915, 918 (Ky. App. 2007) (internal quotation marks and citation omitted).

In the realm of DNA actions, a family court has a great deal of discretion in making its findings of fact, which shall not be set aside unless clearly erroneous. Kentucky Rule of Civil Procedure (CR) 52.01; *B.B. v. Cabinet for*

-4-

*Health and Fam. Servs.*, 635 S.W.3d 802, 807-08 (Ky. 2021). "If the family court's findings of fact were supported by substantial evidence, and it applied the correct law, its decision will not be disturbed absent an abuse of discretion." *M.C. v. Cabinet for Health & Fam. Servs.*, 614 S.W.3d 915, 921 (Ky. 2021) (citations omitted).

In the case at hand, the evidence is clear that Father failed to commit to maintaining his sobriety and adhere to consistent drug screens as recommended by the Cabinet and as ordered by the circuit court. Father also refused to comply with the supervision requirement put in place by repeatedly seeking contact with Child outside of visits, despite several warnings from Cabinet workers and the circuit court not to do so. Additionally, there was no assurance in the record that the environmental concerns which initiated the removal of Child had been adequately addressed by the parents, as the Cabinet was unable to conduct home visits prior to the initial permanent custody order. On the other hand, Father provided no evidence in his favor other than completion of several portions of the case plan provided by the Cabinet. And, though afforded with an opportunity to provide additional evidence, Father refused to testify at the September 2024 hearing.

Furthermore, we observe no clear legal errors with the family court's findings as required by relevant statutes. *See* Kentucky Revised Statute (KRS)

620.027; *see also L.D. v. J.H.*, 350 S.W.3d 828, 832-33 (Ky. App. 2011) (holding that in a ruling concerning permanent custody in a JDNA proceeding, the court must consider best interest factors contained in KRS 403.270 and relevant factors of KRS 620.023).

## CONCLUSION

In conclusion, we determine there are no nonfrivolous issues which could be raised on appeal which would warrant reversal. Accordingly, finding no error, we affirm the Pike Family Court's February 25, 2025, amended permanent custody order.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Amber Hunt Sisco
Pikeville, Kentucky